■ In the Matter of the Claim of JAMES BATHRICK, Appellant, v NEW YORK STATE DEPARTMENT OF TRANSPORTATION et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [718 NYS2d 433] —Mugglin, J. Appeal from a decision of the Workers' Compensation Board, filed July 20, 1999, which ruled that the Workers' Compensation Law Judge properly exercised his discretion in directing depositions of medical witnesses.

When a Workers' Compensation Law Judge (hereinafter WCLJ) ordered that the parties to this workers' compensation claim take the depositions of medical witnesses pursuant to Workers' Compensation Law § 121, claimant objected. A panel

of the Workers' Compensation Board concluded that the WCLJ properly exercised his discretion in directing depositions of medical witnesses, prompting this appeal by claimant. While this appeal was pending, the Board panel amended its prior decision but again concluded that the WCLJ properly exercised his discretion in directing the depositions. The full Board thereafter rescinded the amended Board panel decision and referred the matter back to the panel for further consideration. Concluding that it was error for the WCLJ to direct the use of depositions without setting forth the basis of his exercise of discretion, the Board panel rescinded the decision of the WCLJ and remitted the matter to the WCLJ to cure the deficiency.

After the Attorney General advised this Court by letter that the Board panel decision had been rescinded, claimant moved to preclude respondents from filing a brief. Based upon the rescission of the Board panel decision, the Attorney General cross-moved to dismiss the appeal. This Court denied the motion and withheld decision of the cross motion for determination upon this appeal.

The full Board was clearly authorized to rescind or otherwise modify the Board panel decision and remit the matter to the panel for further consideration (*see, Matter of Nicholson v Mohawk Val. Community Coll.*, 274 AD2d 677; *Matter of Gullo v Southern Erie Clinical Servs.*, 258 AD2d 689, 691). When the Board exercises that authority, a pending appeal from the rescinded decision is rendered moot (*see, Matter of Bock v Burns, Van Kirk, Greene & Kafer*, 441 NYS2d 434). In this case, the Board panel amended the decision from which an appeal had been taken and the amended decision was thereafter rescinded by the full Board. In addition, the underlying decision of the WCLJ which gave rise to the administrative appeal has also been rescinded. In these circumstances, this appeal is moot.

The record does not demonstrate that this appeal falls within the exception to the mootness doctrine (*see, Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 714-715). Claimant contends that the rescission of the Board panel decision was a "sham" and that "the Board is actively and purposely attempting to evade judicial review of its ongoing policy." There is nothing in the record, however, to demonstrate that the Board's actions in this case represent anything other than a good-faith reassessment of the conditions which a WCLJ must satisfy when directing depositions of medical witnesses. Claimant has not shown that the issues raised by this appeal involve a phenomenon typically evading review.

Crew III, J. P., Peters, Rose and Lahtinen, JJ., concur. Ordered that the cross motion is granted and appeal dismissed, as moot, with costs to claimant against the Workers' Compensation Board.