■ HASS & GOTTLIEB, Respondent, v SOOK HI LEE, Appellant.
[783 NYS2d 337]—

Order and judgment (one paper), Supreme Court, New York County (Charles E. Ramos, J.), entered September 22, 2003,

which awarded plaintiff legal fees in the amount of $51,000, bringing up for review an order, same court and Justice, entered January 14, 2003, which granted plaintiff's motion to dismiss the counterclaims and denied defendant leave to further amend her answer, unanimously reversed, on the law, without costs, the judgment vacated and the counterclaims reinstated, as set forth in the proposed amended answer. Appeal from orders, same court and Justice, entered January 14, 2003 and May 22, 2003, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

Plaintiff sued to recover legal fees in connection with its representation of defendant in two real property actions, claiming a balance due of $59,038.69. Upon plaintiff's application to withdraw as counsel and impose a retaining lien, defendant interposed claims that plaintiff was negligent in its representation in regard to one of the actions and sought to recover certain original documents from her file. Supreme Court issued an order directing that defendant could obtain her file by paying the outstanding balance into court. Subsequently, plaintiff moved for summary judgment, contending that the court's prior order precluded defendant from asserting a malpractice claim, and defendant moved to further amend her answer. Supreme Court consolidated the opposing motions for disposition, ruling that dismissal of the counterclaims was warranted because "fixing the value of a professional's services necessarily decides that there was no malpractice."

We do not agree. The court's prior order expressly recites that defendant may obtain her file by depositing the disputed fee with the court "pending an action by counsel to recover legal fees." The order grants neither a charging nor a retaining lien (cf. *Molinaro v Bedke*, 281 AD2d 242 [2001]; *Summit Solomon & Feldesman v Matalon*, 216 AD2d 91 [1995], *lv denied* 86 NY2d 711 [1995]; *John Grace & Co. v Tunstead, Schechter & Torre*, 186 AD2d 15 [1992]), resolving only the question of defendant's access to her file. Rather, the language of the order clearly indicates that plaintiff's entitlement to the sequestered funds remained a matter for future litigation.

Under the law of the case doctrine, "the proscription against relitigation of an issue previously decided by a judge of coordinate jurisdiction (*Matter of Dondi v Jones*, 40 NY2d 8, 15; *Martin v City of Cohoes*, 37 NY2d 162) presumes that the parties were afforded a full and fair opportunity to litigate the issue in the course of the earlier proceedings (*People v Evans*, 94 NY2d 499, 502)" (*Gee Tai Chong Realty Corp. v G.A. Ins. Co.*, 283 AD2d 295, 296 [2001]). The transcript of the hearing on plaintiff's

motion to withdraw indicates that the court's consideration was limited to the return of documents sought by defendant. The issue of legal malpractice was never addressed. Concur—Tom, J.P., Saxe, Williams, Friedman and Marlow, JJ.