■ MARTIN RISKIN et al., Appellants, v PAM VIC ENTERPRISES, LTD., et al., Respondents, et al., Defendants. TED SINGER, Nonparty Intervenor-Respondent. [879 NYS2d 712]—Order, Supreme Court, New York County (Judith J. Gische, J.), entered March 30, 2007, which, to the extent appealed from, denied plaintiffs' motion for a direction that defendants Pam Vic Enterprises and David Segal pay a sum certain, unanimously affirmed, with costs.

The court did not err in re-referring the matter of calculating the amount due to plaintiffs to a referee, inasmuch as no report was filed after the previous referral. Plaintiffs' claim, that the previous grant of partial summary judgment to them as against defendants in this foreclosure action became the "law of the case" and extinguished the claims of the proposed intervenor, Ted Singer, is unpreserved. Were we to review it, we would find that the law of the case doctrine does not apply, since Singer was not a party to the earlier proceedings herein (*see Hass & Gottlieb v Sook Hi Lee*, 11 AD3d 230, 231-232 [2004]).

We have considered plaintiffs' remaining contentions and find them unavailing. Concur—Saxe, J.P., Buckley, McGuire, Moskowitz and Acosta, JJ. [*See* 2007 NY Slip Op 30436(U).]