*529 Although tenants’ argument that IGS Realty never served the default judgments with notice of entry is not preserved for appellate review (see e.g. Ta-Chotani v Doubleclick, Inc., 276 AD2d 313 [1st Dept 2000]), it is irrelevant since the motion to vacate was timely. Assuming the clock began ticking on the date of entry stamped on the judgments, tenants’ motion was made within one year (see CPLR 5015 [a] [1]). Further, tenants established both a reasonable excuse for their failure to appear with counsel on October 13, 2009 and a meritorious defense to IGS Realty’s nonpayment proceedings.
As a result of tenants’ inability to obtain substitute counsel within 13 days of prior counsel being relieved by the court, tenants and Brady, their principal, have been deprived of their day in court in four cases: the Civil Court proceedings brought by the IGS Realty, the Supreme Court actions between tenants and *530 IGS Realty, and the Supreme Court action between IGS Realty and Brady. Given the disputed issues of fact in these cases, they should be resolved by trial, not default (see Ackerson v Stragmaglia, 176 AD2d 602, 604 [1st Dept 1991]). Since we are granting the motion to vacate the Civil Court judgments, they no longer have res judicata effect (see e.g. Trisingh Enters. v Kessler, 249 AD2d 45, 46 [1st Dept 1998]). Thus, the Supreme Court order and judgment, which were based on res judicata, must be reversed.
Tenants’ cross motion for leave to amend the complaint in index No. 650463/09 should have been granted. The motion court erred in finding that tenants failed to furnish a proposed amended complaint. Furthermore, the proposed fraud claim was sufficiently specific (see Pludeman v Northern Leasing Sys., Inc., 10 NY3d 486, 491 [2008]).
Brady’s contention that he is entitled to summary judgment in IGS Realty’s action on his guarantees is unavailing. He failed to preserve his claim that the guarantees are unenforceable as unconscionable and there are issues of fact as to whether IGS Realty failed to perform its obligations to tenants. Concur— Andrias, J.E, Friedman, Moskowitz and Freedman, JJ.