■ JAMES H. BRADY et al., Appellants, v MARK S. FRIEDLANDER, Also Known as MARK S. FRIEDLANDER, ESQ., Respondent. [993 NYS2d 702]—

Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered June 12, 2013, which, to the extent appealed from, granted defendant's motion to dismiss the causes of action for violation of Judiciary Law § 487, legal malpractice, and misrepresentation, unanimously affirmed, without costs.

On or about September 30, 2009, defendant moved in Civil Court, New York County (Samuels, J.), to withdraw as counsel in the underlying nonpayment proceedings (*see IGS Realty Co., L.P. v James Catering, Inc.*, 99 AD3d 528 [1st Dept 2012]). Over plaintiffs' objection, the court granted the motion. Plaintiffs did not appeal from Civil Court's order. With respect to the cause of action for a violation of Judiciary Law § 487, the instant complaint alleges that defendant provided fabricated grounds in support of his motion, to wit, a conflict with plaintiffs regarding strategy and a lack of trust in defendant's representation, in order to conceal the true reason, which was an unfounded belief that plaintiffs could or would not pay future legal bills. However, while the parties' communications as quoted in the complaint reflect that defendant was remarkably concerned with billing, which may have informed his decision to withdraw, the complaint also reflects that plaintiff Brady expressed disagreement with defendant as to strategy and questioned defendant's honesty and competency, thus providing support for defendant's stated grounds for the motion (*cf. Palmieri v Biggiani*, 108 AD3d 604 [2d Dept 2013]).

In granting the motion, over plaintiffs' objection, Civil Court implicitly determined that defendant had shown "just cause" to be relieved. That issue may not be re-litigated via the instant misrepresentation claim (*cf. Hass & Gottlieb v Sook Hi Lee*, 11 AD3d 230 [1st Dept 2004]).

With respect to the legal malpractice claim, plaintiffs failed to allege facts sufficient to show that "but for" defendant's conduct they would have not have sustained the damages they allege (*see AmBase Corp. v Davis Polk & Wardwell*, 8 NY3d 428, 434 [2007]; *Leder v Spiegel*, 31 AD3d 266 [1st Dept 2006], *affd* 9 NY3d 836 [2007], *cert denied* 552 US 1257 [2008]).

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Tom, J.P., Friedman, Acosta, DeGrasse and Gische, JJ.