Matter of Carey v Westchester County Dept. of Corr. (2019 NY Slip Op 03116)





Matter of Carey v Westchester County Dept. of Corr.


2019 NY Slip Op 03116


Decided on April 25, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 25, 2019

526726

[*1]In the Matter of the Claim of MICHAEL J. CAREY, Appellant,
v
WESTCHESTER COUNTY DEPARTMENT OF CORRECTION et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent.

Calendar Date: March 18, 2019

Before: Egan Jr., J.P., Lynch, Clark, Devine and Pritzker, JJ.


Bartlett LLP, White Plains (Jason D. Lewis of counsel), for appellant.
Cherry, Edson & Kelly LLP, Tarrytown (Ralph E. Magnetti of counsel), for Westchester County Department of Correction and another, respondents.



MEMORANDUM AND ORDER
Lynch, J.
Appeals (1) from a decision of the Workers' Compensation Board, filed February 9, 2017, which, among other things, disallowed the claim for a consequential psychiatric disability, and (2) from a decision of said Board, filed May 8, 2018, which denied claimant's application for reconsideration and/or full Board review.
In June 2015, claimant, a county correction officer, filed a claim for workers' compensation benefits after an inmate spit on the left side of his face and threatened to kill him and his family. As a result of this incident, claimant alleged that he was suffering from various physical symptoms and extreme emotional trauma. At a July 2016 hearing, a Workers' Compensation Law Judge (hereinafter WCLJ) established the claim for saliva exposure and found that the report submitted by claimant's psychiatrist constituted prima facie medical evidence for a major depressive disorder with psychotic features, posttraumatic stress disorder (hereinafter PTSD) and panic disorder without agoraphobia. These findings were memorialized in the WCLJ's decision filed July 27, 2016, and the matter was continued for the employer and its workers' compensation carrier (hereinafter collectively referred to as the carrier) to produce an independent medical examination. Following a hearing in October 2016, the WCLJ found — by decision filed October 17, 2016 — that claimant had sustained a physical injury and amended the claim to include PTSD, major depressive disorder and panic disorder. In so doing, the WCLJ found that the claim was not barred by Workers' Compensation Law § 2 (7). Certain awards were made pending receipt of additional evidence regarding lost time and any reimbursement thereof, and the carrier thereafter sought review.
By decision filed February 9, 2017, a panel of the Workers' Compensation Board found, among other things, that, as the result of certain diagnostic testing, claimant had not sustained a physical injury within the meaning of Workers' Compensation Law § 2 (7). Accordingly, the Board panel modified the WCLJ's July 2016 decision by rescinding the establishment of the claim for saliva exposure. Absent such physical injury, the Board panel concluded, claimant was required to demonstrate that his psychiatric injuries were occasioned by work-related stress greater than that experienced by similarly situated workers in the normal work environment — a burden that, the Board panel found, claimant failed to meet. Accordingly, the Board panel reversed the WCLJ's October 2016 decision and disallowed the claim for a consequential psychiatric disability. Claimant appealed the Board panel's February 2017 decision and also sought reconsideration and/or full Board review thereof. By decision filed May 8, 2018, the Board denied the requested relief, and claimant appealed from that decision as well.
After the parties submitted their briefs to this Court, the Board — invoking the provisions of Workers' Compensation Law §§ 123 and 142 — rescinded the Board panel's February 2017 decision and "directed that this matter be returned to the Board [p]anel for a new decision consistent with the determination of the [f]ull Board" (2019 WL 118204, *1, 2019 NY Wkr Comp LEXIS 4, *1 [WCB No. G126 4973, Jan. 2, 2019]). Consistent with that directive, the Board panel — by decision filed January 2, 2019 — found, among other things, that claimant did not sustain a physical injury within the meaning of Workers' Compensation Law § 2 (7) and, further, that the recent amendment to Workers' Compensation Law § 10 (3) (b) did not apply to claimant; hence, claimant was "required to demonstrate that the stress encountered was greater than that which occurred in the normal work environment of a correction[] officer" (2019 WL 118204 at *6, 2019 NY Wkr Comp LEXIS 4 at *16). On that latter point, the Board panel credited claimant's testimony that the inmate in question "was more dangerous than the average inmate" and that "exposure to bodily fluids . . . was not a regular occurrence for [claimant] at work" (2019 WL 118204 at *7, 2019 NY Wkr Comp LEXIS 4 at *19). Accordingly, the Board panel found that claimant experienced stress greater than similarly situated correction officers, that "establishment of the claim for . . . psychological conditions [was] supported by the credible evidence in the record" and that "the claim [was] properly amended to include PTSD, major depressive disorder[] and panic disorder" (2019 WL 118204 at *8, 2019 NY Wkr Comp LEXIS 4 at *20).
As the foregoing makes clear, the Board expressly rescinded the Board panel's February 9, 2017 decision — and effectively rescinded its own May 8, 2018 decision denying claimant's application for reconsideration and/or full Board review — and directed that the Board panel render a new decision. Given the Board's directive, and in light of the Board panel's subsequent January 2, 2019 decision, claimant's appeals from the February 2017 and May 2018 decisions are moot and must be dismissed (see Matter of Fabiano v Sears, 27 AD3d 884, 884 [2006]; Matter of Alund v Malt Riv. Brewing Co., 15 AD3d 746, 747 [2005]; Matter of Weygant v Walter Kroll, Inc., 286 AD2d 818, 818 [2001]; Matter of Bathrick v New York State Dept. of Transp., 278 AD2d 704, 705 [2000]).
Egan Jr., J.P., Clark, Devine and Pritzker, JJ., concur.
ORDERED that the appeals are dismissed, as moot, without costs.