Matter of Grimaldi v Suffolk County Dept. of Health C/O Suffolk County Risk Mgt. (2021 NY Slip Op 00598)





Matter of Grimaldi v Suffolk County Dept. of Health C/O Suffolk County Risk Mgt.


2021 NY Slip Op 00598


Decided on February 4, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 4, 2021

529301

[*1]In the Matter of the Claim of William Grimaldi, Appellant,
v
Suffolk County Department of Health C/O Suffolk County Risk Management, Respondent. Workers' Compensation Board, Respondent.

Calendar Date: January 7, 2021

Before: Garry, P.J., Egan Jr., Lynch, Clark and Reynolds Fitzgerald, JJ.


Stephen J. Mastaitis, Albany, for appellant.
Cherry Edson & Kelly, LLP, Melville (William T. Burke of counsel), for Suffolk County Department of Health, respondent.



Lynch, J.
Appeals (1) from a decision of the Workers' Compensation Board, filed July 16, 2018, which, among other things, established claimant's average weekly wage, and (2) from a decision of said Board, filed April 25, 2019, which denied claimant's request for reconsideration and/or full Board review.
Claimant, a certified nursing aide, sustained a work-related injury to his right ankle and right hip while working for the self-insured employer in February 2007. The claim subsequently was amended to include claimant's low back. Thereafter, while working for a different employer in 2008, claimant sustained a compensable injury to his right knee. Benefits were awarded at a temporary partial rate and liability was apportioned equally between the 2007 and 2008 injuries. By decisions filed June 3, 2014 and June 15, 2015, a Workers' Compensation Law Judge (hereinafter WCLJ) found, among other things, that, with respect to the 2007 injury, claimant had a 75% permanent impairment and a 75% loss of wage-earning capacity and, as to the 2008 injury, claimant had a 10% schedule loss of use of his right leg; the WCLJ further concluded that apportionment between the two claims terminated as of December 23, 2013, after which time the self-insured employer was 100% liable for all awards on the 2007 claim. Thereafter, claimant's average weekly wage for the 2007 claim was set at $944.19, and his average weekly wage for the 2008 claim was set at $533.40.
By decision filed July 16, 2018, the Workers' Compensation Board largely upheld the prior findings made by the WCLJ but, as relevant here, concluded that "the controlling average weekly wage for awards is $533.40" — the average weekly wage established for the now-resolved 2008 claim. Claimant then sought reconsideration and/or full Board review, contending that his ongoing award for his permanent partial disability, which is attributable to his 2007 injury, should be based upon the average weekly wage established for that injury ($944.19), as opposed to the average weekly wage established for his successive injury in 2008 ($533.40). In April 2019, the Board denied claimant's application based upon incomplete responses to question numbers 10 and 12 on form RB-89.2. Claimant appeals from the July 2018 and April 2019 decisions.
With respect to the issue of the controlling average weekly wage, we agree with claimant that — based upon the Board's most recent pronouncements — the Board erred in its across-the-board application of the average weekly wage established for claimant's 2008 injury. As explained by the Board, "[t]he wage earning capacity of an injured employee in cases of permanent or temporary partial disability shall be determined by his or her actual earnings. Where the claimant has more than one established claim, each of the carriers is liable for its portion of the award based upon the wage, if higher, received by the claimant at the time of the latest injury. However, if the claimant's wage at the [*2]time of the first injury is higher than the wage at the time of the second injury, the awards are calculated by using the wage earned at the time of each injury, subject to the apportionment percentage that has been found to apply to that injury. To hold otherwise would run afoul of the statutory directive that compensation for a later, successive claim be determined using a claimant's earning capacity at the time of the later injury" (Employer: Campbell Hall Rehabilitation, 2020 WL 3890952, *4, 2020 NY Wrk Comp LEXIS 9119, *8-9 [WCB Nos. 3060 4020, 3080 3707, July 6, 2020] [internal quotation marks, brackets and citations omitted; emphasis added]; accord Employer: City of Schenectady, 2020 WL 6695649, *5, 2020 NY Wrk Comp LEXIS 15318, *11-12 [WCB Nos. 5070 9530, 5020 1678, G136 3666, Nov. 5, 2020]; Employer: Jewish Community Council Serv, 2019 WL 2071782, *2, 2019 NY Wrk LEXIS 4640, *3 [WCB No. G096 0574, May 1, 2019]; Employer: E J Delmonte Corporation, 2018 WL 1723518, *2, 2018 NY Wrk Comp LEXIS 1335, *3-5 [WCB Nos. G053 0313, 70013985, Feb. 12, 2018]; see Workers' Compensation Law § 15 [7]).
There is no dispute that claimant's 2008 claim "remains closed" based upon the 10% schedule loss of use award attributable thereto, that apportionment between the 2007 and 2008 claims terminated in December 2013, that the self-insured employer remains 100% liable for all future awards made relative to the 2007 claim and that the dispositive issue is which average weekly wage should be used to calculate claimant's wage-earning capacity. Under these circumstances, the Board erred in utilizing claimant's 2008 average weekly wage for purposes of computing awards made after December 23, 2013, and its decision must be modified to that extent.[FN1] Having obtained the relief he sought upon his appeal from the Board's July 2018 decision, claimant's appeal from the Board's April 2019 decision denying his application for reconsideration and/or full Board review is academic (see Matter of Smith v New York State Dept. of Corr., 172 AD3d 1803, 1805 [2019]; Matter of Goutremout v Advance Auto Parts, 134 AD3d 1194, 1195 [2015]).
Garry, P.J., Egan Jr., Clark and Reynolds Fitzgerald, JJ., concur.
ORDERED that the decision filed July 16, 2018 is modified, without costs, by reversing so much thereof as established claimant's average weekly wage based upon his earnings at the time of his 2008 injury; matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.
ORDERED that the appeal from the decision filed April 25, 2019 is dismissed, as academic, without costs.



Footnotes

Footnote 1: As claimant acknowledges in his brief, this results in a disability rate cap of $400 per week (see Workers' Compensation Law § 15 [6]).