Fusco v Town of Colonie (2021 NY Slip Op 04405)





Fusco v Town of Colonie


2021 NY Slip Op 04405


Decided on July 15, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:July 15, 2021

532267
[*1]Michael Fusco, Respondent,
v
Town of Colonie, Appellant, et al., Defendants.

Calendar Date:May 25, 2021

Before:Garry, P.J., Egan Jr., Clark, Pritzker and Reynolds Fitzgerald, JJ.

Cooper, Erving & Savage, LLP, Albany (Carolyn B. George of counsel), for appellant.
Tarter Krinsky & Drogin LLP, New York City (Anthony D. Dougherty of counsel), for respondent.



Clark, J.
Appeal from an order of the Supreme Court (Mackey, J.), entered August 25, 2020 in Albany County, which, among other things, denied a motion by defendant Town of Colonie for leave to conduct additional discovery following the filing of the note of issue.
Plaintiff owns real property in the Town of Colonie, Albany County that is situated at the top of a hill. In August 2017, after defendant Town of Colonie (hereinafter defendant) cleared a water drainage ditch at the base of the hill, plaintiff commenced this action alleging that defendant's work had destabilized the hill, thereby causing damage to improvements that plaintiff had made to his property. In July 2019, following joinder of issue and a lengthy discovery process, plaintiff filed a note of issue and certificate of readiness indicating that discovery was complete and that the case was ready for trial. Months later, defendant moved for leave to conduct post-note of issue discovery, specifically seeking a site inspection and to depose plaintiff's expert. Defendant also sought to preclude plaintiff from introducing the results of certain water testing at trial. Supreme Court granted defendant's request to preclude the use of the water testing results, but otherwise denied the motion, finding that defendant failed to establish any unusual or unanticipated circumstances warranting post-note of issue discovery. Defendant appeals, solely challenging Supreme Court's denial of its request for a site inspection.
While this appeal was pending, defendant once again moved for leave to conduct post-note of issue discovery in the form of a site inspection. Concluding that circumstances justifying a site inspection had developed and that there was no prejudice to plaintiff, Supreme Court issued an order — dated February 10, 2021 — granting the motion and directing plaintiff to cooperate with defendant regarding the site inspection.[FN1] With this subsequent development,[FN2] defendant has obtained all of the relief sought on this appeal from Supreme Court's August 2020 order. Accordingly, defendant's appeal has been rendered moot and, as we find the exception to the mootness doctrine to be inapplicable, the appeal must be dismissed (see Matter of Cobleskill Stone Prods., Inc. v Town of Schoharie, 173 AD3d 1509, 1511 [2019]; Matter of Standley v New York State Div. of Parole, 40 AD3d 1344, 1345-1346 [2007]).
Garry, P.J., Egan Jr., Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the appeal is dismissed, as moot, without costs.



Footnotes

Footnote 1: Plaintiff filed a notice of appeal from the February 2021 order and thereafter moved in this Court for a stay of the order pending appeal. Defendant opposed the motion and cross-moved for, among other relief, an order permitting the site inspection by a date certain and to stay the trial pending determination of defendant's right to conduct the inspection. This Court denied the motion and cross motion (2021 NY Slip Op 66471[U] [2021]).

Footnote 2: The parties did not, as required, advise the Court as to the impact that the subsequent developments had on the instant appeal (see 22 NYCRR 1250.2 [c]; Estate of Savage v Kredentser, 180 AD3d 1264, 1265 [2020]).