Fusco v Town of Colonie (2022 NY Slip Op 00101)





Fusco v Town of Colonie


2022 NY Slip Op 00101


Decided on January 6, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:January 6, 2022

532976
[*1]Michael Fusco, Appellant,
v
Town of Colonie, Respondent, et al., Defendants.

Calendar Date:November 16, 2021

Before:Garry, P.J., Egan Jr., Lynch, Pritzker and Colangelo, JJ.

Archer & Greiner, PC, New York City (Bruce M. Gorman Jr. of counsel), for appellant.
Cooper, Erving & Savage, LLP, Albany (Carolyn B. George of counsel), for respondent.



Lynch, J.
Appeal from an order of the Supreme Court (Mackey, J.), entered February 10, 2021 in Albany County, which, among other things, granted a motion by defendant Town of Colonie for leave to conduct additional discovery following the filing of the note of issue.
As more fully set forth in our prior decision, plaintiff commenced this action in August 2017 alleging that, during the course of work to clear a water drainage ditch, defendant Town of Colonie (hereinafter defendant) destabilized a hill upon which plaintiff's property is situated, causing damage to certain improvements on the property (196 AD3d 956 [2021]). Following joinder of issue and discovery, plaintiff filed a note of issue and a certificate of readiness in July 2019 indicating that the matter was ready to proceed to trial. By order entered August 25, 2020, Supreme Court denied so much of defendant's motion seeking leave to conduct a site inspection of plaintiff's property and to depose plaintiff's expert. Defendant appealed that determination to this Court. During the pendency of the appeal, Supreme Court issued a subsequent order, entered February 10, 2021, that granted a second motion by defendant seeking leave to conduct a site inspection of the property based upon new and unanticipated circumstances. In light of that development, this Court dismissed the appeal from the August 2020 order as moot (id.). Plaintiff appeals from the February 2021 order.
Contrary to plaintiff's contention, Supreme Court did not abuse its discretion in granting defendant's second motion for leave to conduct post-note of issue discovery. "Where unusual or unanticipated circumstances develop" after a note of issue has been filed, Supreme Court has discretion to authorize further discovery "to prevent substantial prejudice" (22 NYCRR 202.21 [d]). During a telephone conference in October 2020, plaintiff's counsel asserted, for the first time, that neighboring properties may have suffered damage from defendant's conduct that was not previously noticed and revealed that plaintiff's expert had been visiting the property on a monthly basis to monitor alleged ongoing and increasing damages. Supreme Court reasonably determined that these revelations qualified as "unanticipated circumstances" that justified allowing defendant's expert an opportunity to conduct a site inspection in defense of the continuing damage claim (see 22 NYCRR 202.21 [d]; Hartnett v City of New York, 139 AD3d 506, 506 [2016]; compare Garrison v Dick's Sporting Goods, Inc., 187 AD3d 1379, 1380 [2020]; Jenkins v Riverbay Corp., 187 AD3d 543, 543 [2020]).
Plaintiff's additional argument that the law of the case doctrine barred Supreme Court's consideration of defendant's second motion was not preserved (see Riskin v Pam Vic Enters., Ltd., 63 AD3d 489, 489 [2009]) and, in any event, lacks merit as Supreme Court's decision was based upon new facts (see generally Brownrigg v New York City Hous. Auth., 29 AD3d 721, 722 [2006]).
Garry[*2], P.J., Egan Jr., Pritzker and Colangelo, JJ., concur.
ORDERED that the order is affirmed, without costs.