Matter of Grimaldi v Suffolk County Dept. of Health (2022 NY Slip Op 06527)

Matter of Grimaldi v Suffolk County Dept. of Health

2022 NY Slip Op 06527

Decided on November 17, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 17, 2022

534485
[*1]In the Matter of the Claim of William Grimaldi, Appellant,
v
Suffolk County Department of Health c/o Suffolk County Risk Management, Respondent. Workers' Compensation Board, Respondent.

Calendar Date:October 12, 2022

Before:Lynch, J.P., Aarons, Reynolds Fitzgerald, Fisher and McShan, JJ.

Stephen J. Mastaitis, Saratoga Springs, for appellant.
Cherry, Edson & Kelly, LLP, Melville (William T. Burke of counsel), for Suffolk County Department of Health, respondent.

Reynolds Fitzgerald, J.
Appeal from a decision of the Workers' Compensation Board, filed May 14, 2021, which, among other things, established claimant's average weekly wage.
Claimant sustained a work-related injury to his right ankle, right hip and his back while working for the self-insured employer in February 2007. In 2008, claimant sustained a compensable injury to his right knee while working for a different employer. Benefits awarded were apportioned equally between the 2007 and 2008 injuries. Subsequently, a Workers' Compensation Law Judge (hereinafter WCLJ) found, in various decisions, that, as to the 2007 claim, claimant had a 75% permanent impairment and a 75% loss of wage-earning capacity and found that claimant had a 10% schedule loss of use of his right leg with respect to the 2008 claim. The WCLJ also determined that apportionment between the two claims terminated on December 23, 2013, after which time the self-insured employer would be 100% liable for all awards made on the 2007 claim. Upon review of these decisions, the Workers' Compensation Board, among other things, determined that awards payable on the 2007 claim should be based upon claimant's average weekly wage at the time of the 2008 injury. Claimant appealed and this Court concluded that the Board had erred in computing payments to claimant for the 2007 claim made after December 23, 2013 by using his average weekly wage at the time of the 2008 injury (191 AD3d 1051, 1052-1053 [3d Dept 2021]). We remitted the matter to the Board with instructions to compute the payment rate for the 2007 claim based upon claimant's average weekly wage at the time of the 2007 injury for awards made subsequent to December 23, 2013 (id.).
In a decision filed May 14, 2021, the Board established claimant's payment rate for his 2007 permanent partial disability using his weekly wage based upon his earnings at the time of the 2007 injury, but it limited the application of that rate to the time period of December 23, 2013 to April 26, 2016. The Board did not order that any payments on the 2007 claim be paid at that rate going forward. The Board also rejected the request by claimant's counsel for $6,613.55 in fees and disbursements, awarding counsel $3,613.55 instead. Claimant appeals.
On appeal, claimant argues that the Board did not follow this Court's direction when it limited the payment of awards on the 2007 claim at the rate based upon his 2007 earnings to payments made from December 23, 2013 to April 26, 2016, rather than ordering that any future payments on the claim after December 13, 2013 be made at that rate. Claimant also challenges the awarded counsel fees.[FN1] On May 3, 2022, while this appeal was pending, the Board's Office of General Counsel informed this Court and the parties that the Board, on its own motion, would be undertaking a review of the May 2021 decision to determine if reconsideration of that decision is warranted. In a decision filed June 8, 2022, the Board issued a decision amending the May [*2]2021 decision by directing that any continuing awards in the 2007 claim be paid at the rate based upon claimant's 2007 earnings and granted claimant's counsel a fee of $6,613.55 (Employer: Pleasant Valley Infirmary, 2022 WL 2189824, *3-*4, 2022 NY Wrk Comp LEXIS 03037, *6-*8 [WCB Nos. G021 2474, 4080 0027, June 8, 2022]). The Board's June 2022 decision amends and supersedes the May 2021 decision, rendering this appeal moot (see Matter of Djukanovic v Metropolitan Cleaning LLC, 177 AD3d 1060, 1060-1061 [3d Dept 2019]; Matter of Bleakley v Verizon Servs. Group, 104 AD3d 1099, 1100 [3d Dept 2013]).
Claimant also requests that the Board bear his costs for taking this appeal. Although the Board clearly is authorized to rescind or modify a prior Board panel decision (see Matter of Miller v Mo Maier Ltd., 201 AD3d 1101, 1103 [3d Dept 2022]), when the Board reopens or reexamines a decision during the pendency of an appeal, this Court may award costs for expenses incurred in good faith by an appellant in perfecting the appeal (see Matter of Bathrick v New York State Dept. of Transp., 278 AD2d 704, 705-706 [3d Dept 2000]; Fullington v Loomis Talc. Co., 59 AD2d 625, 625 [3d Dept 1977]; Matter of Hutton v Ford Motor Co., 3 AD2d 169, 171 [3d Dept 1957]). In our view, the Board's actions in this case warrant the assessment of the cost of perfecting claimant's appeal, which would have been unnecessary had the Board properly followed this Court's direction in its May 2021 decision or granted claimant's timely request for reconsideration of that decision.
Lynch, J.P., Aarons, Fisher and McShan, JJ., concur.
ORDERED that the appeal is dismissed, as moot, with costs to claimant against the Workers' Compensation Board.

Footnotes

Footnote 1: Claimant's request for reconsideration and/or full Board review of the Board's May 2021 decision on these same grounds was denied in a decision filed on August 20, 2021.