Barnhart v Kingston NH Operation LLC
2026 NY Slip Op 02904
May 7, 2026
Appellate Division, Third Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Gloria Barnhart, as Proposed Administrator of the Estate of Donald Milton Parker Sr., Deceased, Respondent,
v
Kingston NH Operation LLC, Doing Business as Ten Broeck Center for Rehabilitation & Nursing, Appellant, et al., Defendants.

Decided and Entered:May 7, 2026
CV-24-1831
Calendar Date: March 23, 2026
Before: Clark, J.P., Ceresia, Fisher And Powers, JJ.

Hall Booth Smith, PC, New York City (Jeffrey T. Wolber of counsel) and Phelan, Phelan & Danek, LLP, Albany (Timothy S. Brennan of counsel), for appellant.
Napoli Shkolnik PLLC, Melville (Joseph L. Ciaccio of counsel), for respondent.

[*1]
Powers, J.
Appeal from an order of the Supreme Court (Kevin Bryant, J.), entered September 25, 2024 in Ulster County, which denied defendants' motion to dismiss the complaint.
Donald Milton Parker Sr. (hereinafter decedent) was a resident at Ten Broeck Center for Rehabilitation & Nursing in the Town of Lake Katrine, Ulster County, a nursing home facility owned and operated by defendant Kingston NH Operation LLC (hereinafter defendant). While residing there, he contracted COVID-19 and soon after passed away. Plaintiff, decedent's daughter and the proposed administrator of his estate, commenced this nursing home malpractice action in May 2022 against defendant, as well as defendant ABC Corporation and defendant ABC Partnership, alleging that they owned and operated defendant. Plaintiff alleged that defendant, among other things, was negligent in the care of decedent prior to and during the COVID-19 pandemic. Defendants FN1 moved pre-answer to dismiss the complaint arguing, as is most relevant here, that defendant was entitled to immunity under the state Emergency or Disaster Treatment Protection Act (see Public Health Law former art 30-D, §§ 3080-3082, repealed by L 2021, ch 96, § 1 [hereinafter the EDTPA]) and the federal Public Readiness and Emergency Preparedness Act (see 42 USC § 247d-6d et seq.). Supreme Court denied defendant's motion finding, along with certain other determinations, that the affidavit in support of the motion was insufficient to establish defendant's entitlement to EDTPA immunity. Defendant appeals.
This Court has become aware that, after oral argument on this appeal, Supreme Court granted defendant's motion for summary judgment seeking dismissal of the underlying complaint against it (NY St Cts Elec Filing [NYSCEF] Doc No. 216, decision and order on motion, in Barnhart v Kingston NH Operation LLC, Sup Ct, Ulster County, index No. EF2022-947). In that decision, the court found that defendant's submissions demonstrated its entitlement to EDTPA immunity and that plaintiff had failed to raise a triable issue of fact in opposition (see generally Estate of Middleton v CLR Troy LLC, 247 AD3d 1422, 1423-1424 [3d Dept 2026]; Whitehead v Pine Haven Operating LLC, 222 AD3d 104, 109 [3d Dept 2023]).
Defendant has therefore received all the relief which it seeks by way of this appeal (see Fusco v Town of Colonie, 196 AD3d 956, 957 [3d Dept 2021]; Rafferty Sand & Gravel, LLC v Kalvaitis, 116 AD3d 1290, 1291 [3d Dept 2014]; cf. People v Clark, 239 AD3d 1145, 1146 [3d Dept 2025]; Matter of Grimaldi v Suffolk County Dept. of Health, 210 AD3d 1263, 1264 [3d Dept 2022]). Accordingly, dismissal of the underlying action has rendered this appeal moot (see Matter of Estate of Ingber, 244 AD3d 1413, 1419-1420 [3d Dept 2025]; Stefanik v Hochul, 229 AD3d 79, 82 n 3 [3d Dept 2024], affd 43 NY3d 49 [2024]; cf. Fitzgerald Morris Baker Firth P.C. v Mayor of the Vil. of Hoosick Falls, 179 AD3d 1361, 1364-1365 [3d Dept 2020]). The issues presented are not likely to evade [*2]review inasmuch as plaintiff may appeal from the summary judgment order on the now more developed record. Consequently, the exception to the mootness doctrine does not apply and this appeal must be dismissed (see Matter of Hoyt v Figueroa, 246 AD3d 1172, 1174 [3d Dept 2026]; Matter of Elizabeth LL. [Thomas OO.], 174 AD3d 1094, 1096 [3d Dept 2019]; see generally City of New York v Maul, 14 NY3d 499, 507 [2010]; Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714-715 [1980]).
Clark, J.P., Ceresia and Fisher, JJ., concur.
Ordered that the appeal is dismissed, as moot, without costs.

Footnotes

Footnote 1
While this motion was made on behalf of all defendants, the ABC defendants have not appeared in any capacity on this appeal, nor did they have any role in the subsequent motion for summary judgment.