■ In the Matter of the Claim of JOSEPH KOWALCHYK, Respondent, v WADE LUPE CONSTRUCTION COMPANY et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.—Harvey, J. Appeal from a decision of the Workers' Compensation Board, filed January 21, 1988, which ruled that claimant was totally industrially disabled and awarded workers' compensation benefits.

Claimant seriously fractured his back and wrist on August 9, 1985 when he fell from a scaffold while performing his duties as a carpenter on a construction jobsite. During the

entire period of treatment for these injuries, claimant's physician, Dr. James Slavin, considered claimant to be totally disabled. Claimant's employer initially agreed with this diagnosis and, through its workers' compensation insurance carrier, paid claimant total disability benefits from August 1985 until December 1985. However, in December 1985, the employer reduced its payment of benefits to claimant to a partial disability rate in reliance on a report from its consultant, Dr. Edward Pasquarella, who believed claimant was only partially disabled. Claimant then filed a claim for compensation, raising the issues of the degree of his disability and his actual earning capacity. Following hearings on the matter, the Workers' Compensation Law Judge determined that claimant had a total industrial disability and this determination was ultimately sustained by the Workers' Compensation Board. The employer appeals this decision, arguing that the decision is not supported by substantial evidence.

We affirm. Claimant is over 60 years of age, has only an 11th grade education and has been a carpenter for over 38 years. While the employer's medical consultant, Pasquarella, testified that he believed claimant could conceivably do light carpentry work as long as he alternated between sitting and standing to rest his back, there is other medical evidence in the record that claimant is totally incapable of going back to work as a carpenter. This conflict in medical testimony was for the Board to resolve (see, Matter of Grandinetti v Syracuse Univ., 134 AD2d 683). The employer points out that, even though claimant unsuccessfully attempted to find work doing carpentry, there is also medical testimony on the record that claimant may be physically capable of doing some sedentary type of work other than carpentry. However, considering claimant's physical limitations, age, work experience and limited education, there was a substantial basis for the Board to conclude that claimant has no marketable skills except in the field of carpentry and, therefore, to find him totally industrially disabled (see, supra; see also, Matter of Coluccio v Aenco, Inc., 147 AD2d 887; Matter of Rourke v Reichhold Chem., 129 AD2d 949, 950).

Decision affirmed, without costs. Mahoney, P. J., Kane, Weiss, Levine and Harvey, JJ., concur.