Matter of Minichiello v New York City Dept. of Homeless Servs. (2020 NY Slip Op 06433)





Matter of Minichiello v New York City Dept. of Homeless Servs.


2020 NY Slip Op 06433


Decided on November 12, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 12, 2020

530616

[*1]In the Matter of the Claim of Thomas Minichiello, Appellant,
v
New York City Department of Homeless Services et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date: October 20, 2020

Before: Garry, P.J., Lynch, Clark, Devine and Reynolds Fitzgerald, JJ.


Law Office of Geoffrey Schotter, New York City (Geoffrey Schotter of counsel), for appellant.



Reynolds Fitzgerald, J.
Appeal from an amended decision of the Workers' Compensation Board, filed June 27, 2019, which ruled that the total disability provision in Workers' Compensation Law § 35 (2) does not apply to claimant.
In 2009, claimant injured his back while working and his claim for workers' compensation benefits was established. The parties stipulated to a finding of a permanent partial disability and a 51% loss of wage-earning capacity and claimant was awarded workers' compensation benefits for a maximum of 350 weeks (see Workers' Compensation Law § 15 [3] [w]). In November 2017, after claimant had surpassed his maximum number of benefit weeks, he submitted a request for further action seeking to be classified with a total industrial disability. A Workers' Compensation Law Judge found that the request was timely, but denied it due to insufficient evidence of a total industrial disability. Upon administrative appeal, the Workers' Compensation Board affirmed in a decision filed July 25, 2018.
On June 27, 2019, the Board sua sponte issued an amended decision. In the amended decision, the Board concluded that consideration of claimant's application for total industrial disability is not warranted because he was not entitled to additional indemnity benefits inasmuch as he had surpassed the cap of his maximum weeks of benefits under Workers' Compensation Law § 15 (3) (w). The Board further concluded that Workers' Compensation Law § 35 does not contemplate continuing awards beyond the statutorily capped weeks unless the claimant is seeking an extreme hardship redetermination pursuant to Workers' Compensation Law § 35 (3). Claimant appeals.
"Given that the issue before this Court is one of statutory interpretation, 'deference need not be accorded to the Board's interpretation, and we are free to ascertain the proper interpretation from the statutory language and legislative intent'" (Matter of Green v Dutchess County BOCES, 183 AD3d 23, 25 [2020], quoting Matter of Scott v Visiting Nurses Home Care, 172 AD3d 1868, 1870 [2019], lv dismissed 34 NY3d 1011 [2019]). "As the clearest indicator of legislative intent is the statutory text, the starting point in any case of interpretation must always be the language itself, giving effect to the plain meaning thereof" (Matter of Mancini v Office of Children & Family Servs., 32 NY3d 521, 525 [2018] [internal quotation marks and citations omitted]; see Matter of Green v Dutchess County BOCES, 183 AD3d at 25).
As part of the comprehensive reforms of the Workers' Compensation Law in 2007, the Legislature amended Workers' Compensation Law § 15 (3) (w) (see L 2007, ch 6, § 4). "The amendment, in a concession to insurance carriers, capped the number of weeks that a person is eligible to receive benefits for a non-schedule permanent partial disability" (Matter of Raynor v Landmark Chrysler, 18 NY3d 48, 54 [2011]; see L 2007, ch 6, § 4). "Prior to the amendment, a permanently partially disabled worker was able to receive benefits for life" (Matter of Raynor v Landmark Chrysler, 18 NY3d at 54; see Workers' Compensation Law § 15 [3] [former (w)]; Matter of Green v Dutchess County BOCES, 183 AD3d at 30 n 4).
The 2007 legislative reforms also included the enactment of Workers' Compensation Law § 35 (see L 2007 ch 6, § 5), which is "intended to create a possible safety net for claimants who sustain a permanent partial disability and have not returned to work after they have reached their limit on weeks of indemnity payments" (Martin Minkowitz, Practice Commentaries, McKinney's Cons Laws of NY, Book 64, Workers' Compensation Law § 35 at 481; see Governor's Program Bill, Bill Jacket, L 2007, ch 6 at 6). Pursuant to Workers' Compensation Law § 35 (2), "[n]o provision of this article shall in any way be read to derogate or impair current or future claimants' existing rights to apply at any time to obtain the status of total industrial disability under current case law." Given the plain language of this statute that a claimant's right to seek total industrial disability status at any time remains, notwithstanding other statutory provisions of article two of the Workers' Compensation Law, as well as the clear legislative intent of Workers' Compensation Law § 35 "to establish a safety net for permanent partial disability claimants who surpass their number of maximum benefit weeks" (Governor's Program Bill, Bill Jacket, L 2007, ch 6 at 6), we agree with claimant that his request for total industrial disability status is not precluded because he has exhausted the maximum weeks of benefits as provided by Workers' Compensation Law § 15 (3) (w). Although Workers' Compensation Law § 35 (3) provides an additional opportunity for certain permanent partial disability claimants with a loss of wage-earning capacity greater than 75% to continue benefits after the exhaustion of their capped weeks if, within the year prior to the exhaustion of their indemnity benefits under Workers' Compensation Law § 15 (3) (w), they can establish "extreme hardship,"[FN1] we cannot agree with the Board that only those claimants are eligible to extend their benefits by seeking a redetermination to total industrial disability status in light of the plain meaning of Workers' Compensation Law § 35 (2).
Garry, P.J., Lynch, Clark and Devine, JJ., concur.
ORDERED that the amended decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.



Footnotes

Footnote 1: According to the legislative history, this provision was intended to provide an exemption for claimants under "extreme financial hardship" (Governor's Program Bill, Bill Jacket, L 2007, ch 6 at 6). As such, in evaluating applications for the exception, the Board considers the claimant's assets, monthly household income and monthly expenses (see Workers' Comp Bd Release Subject No. 046—938 [Apr. 26, 2017]; Employer: Westbury Jeep, 2020 WL 2759343, *2-3, 2020 NY Wrk Comp LEXIS 09261, *6-7 [WCB G016 7727, May 26, 2020]; Employer: Independent Group Home, 2019 WL 645501, *3, 2019 NY Wrk Comp LEXIS 01500, *7-8 [WCB G002 6199, Feb. 8, 2019]). By contrast, in evaluating applications for total industrial disability under Workers' Compensation Law § 35 (2), the Board considers the effect of the limitations of the disability, coupled with other factors, including the claimant's educational background, work history, vocational skills and age, on the claimant's employability (see Matter of Wooding v Nestle USA, Inc., 75 AD3d 1043, 1044 [2010]; Matter of Barsuk v Joseph Barsuk, Inc., 24 AD3d 1118, 1118 [2005], lv dismissed 6 NY3d 891 [2006], lv denied 7 NY3d 708 [2006]; Matter of Kowalchyk v Lupe Constr. Co., 151 AD2d 927, 928 [1989]).