Matter of Phillips v Milbrook Distrib. Servs. (2021 NY Slip Op 06402)





Matter of Phillips v Milbrook Distrib. Servs.


2021 NY Slip Op 06402


Decided on November 18, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:November 18, 2021

530528
[*1]In the Matter of the Claim of Stanley G. Phillips, Appellant,
v
Milbrook Distributor Services et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date:October 15, 2021

Before:Egan Jr., J.P., Clark, Aarons, Pritzker and Reynolds Fitzgerald, JJ.

John F. Clennan, Ronkonkoma, for appellant.
Weiss, Wexler & Wornow, PC, New York City (J. Evan Perigoe of counsel), for Milbrook Distributor Services and another, respondents.



Reynolds Fitzgerald, J.
Appeals (1) from a decision of the Workers' Compensation Board, filed May 17, 2019, which denied claimant's request for an extreme hardship redetermination pursuant to Workers' Compensation Law § 35 (3), (2) from a decision of said Board, filed June 4, 2019, which denied claimant's request to reclassify him as permanently totally disabled, and (3) from two decisions of said Board, filed August 12, 2019 and October 4, 2019, which denied claimant's requests for reconsideration and/or full Board review.
In 2007, claimant, a merchandiser, sustained work-related injuries while stocking shelves, and his subsequent claim for workers' compensation benefits was established for injuries to his neck and back and later amended to include consequential adjustment disorder with depression. In April 2010, claimant was classified with a permanent partial disability and found to have sustained an 85% loss of wage-earning capacity, entitling him to indemnity benefits not to exceed 450 weeks. In August 2018, prior to the exhaustion — on or about November 15, 2018 — of claimant's capped indemnity benefits, claimant filed an extreme hardship redetermination request (C-35 form) pursuant to Workers' Compensation Law § 35 (3). Following a hearing, a Workers' Compensation Law Judge (hereinafter WCLJ), among other things, denied claimant's request for an extreme hardship redetermination based upon extreme financial hardship. On administrative appeal, the Workers' Compensation Board, in a May 17, 2019 panel decision, upheld the decision of the WCLJ, finding that claimant failed to demonstrate extreme financial hardship and any unusual or unexpected expenses that could be considered extreme. The Board subsequently denied claimant's application for reconsideration and/or full Board review in a decision filed on August 12, 2019.
In November 2018 and February 2019, four of claimant's treating physicians filed separate C-27 forms requesting reopening based upon a change in claimant's medical condition — to wit, that claimant was totally disabled. Upon reviewing the C-27 forms that were submitted, the Board, in a June 4, 2019 panel decision, denied claimant's request for a permanent total disability reclassification, finding that there was insufficient evidence of a change in condition to warrant reclassification. In so finding, the Board did not consider three of the C-27 forms because they were filed with the Board after the expiration of claimant's indemnity benefits and were therefore untimely. The Board subsequently denied claimant's application for reconsideration and/or full Board review in a decision filed on October 4, 2019. Claimant appeals from the Board decisions dated May 17, 2019 and June 4, 2019 and from the two Board decisions, dated August 12, 2019 and October 4, 2019, denying his requests for reconsideration and/or full Board review.
Claimant argues that the Board erred in its May 2019 decision denying his request for an extreme hardship redetermination [*2]under Workers' Compensation Law § 35 (3). We disagree. As part of the comprehensive reforms of the Workers' Compensation Law in 2007, the Legislature amended Workers' Compensation Law § 15 (3) (w) (see L 2007, ch 6, § 4). "The amendment, in a concession to insurance carriers, capped the number of weeks that a person is eligible to receive benefits for a non-schedule permanent partial disability" (Matter of Raynor v Landmark Chrysler, 18 NY3d 48, 54 [2011]; see L 2007, ch 6, § 4). "Prior to the amendment, a permanently partially disabled worker was able to receive benefits for life" (Matter of Raynor v Landmark Chrysler, 18 NY3d at 54; see Workers' Compensation Law § 15 [3] [former (w)]; Matter of Minichiello v New York City Dept. of Homeless Servs., 188 AD3d 1401, 1402 [2020]; Matter of Green v Dutchess County BOCES, 183 AD3d 23, 30 n 4 [2020], lv dismissed 36 NY3d 1044 [2021]).
However, the 2007 legislative reforms also included the enactment of Workers' Compensation Law § 35 (see L 2007, ch 6, § 5, as amended by L 2017, ch 59, part NNN, subpart A, § 2), which is "intended to create a possible safety net for claimants who sustain a permanent partial disability and have not returned to work after they have reached their limit on weeks of indemnity payments" (Martin Minkowitz, Practice Commentaries, McKinney's Cons Laws of NY, Book 64, Workers' Compensation Law § 35 at 481; see Governor's Program Bill, Bill Jacket, L 2007, ch 6 at 6). "According to the legislative history, this provision was intended to provide an exemption for claimants under 'extreme financial hardship'" (Matter of Minichiello v New York City Dept. of Homeless Servs., 188 AD3d at 1403 n, quoting Governor's Program Bill, Bill Jacket, L 2007, ch 6 at 6). As such, when a claimant, who has been classified with a permanent partial disability and has sustained a loss of wage-earning capacity of at least 75%, makes a request for an extreme hardship determination "within the year prior to the scheduled exhaustion of indemnity benefits under [Workers' Compensation Law § 15 (3) (w)]," the Board may reclassify such a claimant with a "permanent total disability or total industrial disability due to factors reflecting extreme hardship" (Workers' Compensation Law § 35 [3]).[FN1] "[I]n evaluating applications for the exception, the Board considers the claimant's assets, monthly household income and monthly expenses" (Matter of Minichiello v New York City Dept. of Homeless Servs., 188 AD3d at 1403 n; see Workers' Compensation Board Release Subject No. 046-938 [Apr. 26, 2017]; Employer: Westbury Jeep, 2020 WL 2759343, *2-3, 2020 NY Wrk Comp LEXIS 09261, *6-7 [WCB No. G016 7727, May 26, 2020]; Employer: Independent Group Home, 2019 WL 645501, *3, 2019 NY Wrk Comp LEXIS 01500, *7-8 [WCB No. G002 6199, Feb. 8, 2019]).[FN2]
Here, in denying claimant's request for an extreme hardship determination, the Board properly considered claimant's assets, monthly household income — including whether he had [*3]any spousal and family support — and monthly expenses. In that regard, the hearing testimony reflects that, although claimant's monthly income would be less upon the expiration of his indemnity benefits, his Social Security disability benefits would increase by approximately $775 each month and his monthly rent would be cut in half each month as a result of the expiration of his indemnity benefits. The Board also identified certain significant monthly expenses that were not necessary and that could be reduced, as well as other expenses that were not recurring. Based upon the foregoing and our review of the record and the Board's decision, we find that substantial evidence supports the Board's determination that claimant, in light of his fixed income, failed to demonstrate any unusual or unexpected expenses for someone on a fixed income that would meet the threshold of extreme hardship (see Workers' Compensation Board Release Subject No. 046-938 [Apr. 26, 2017]; Employer: Westbury Jeep, 2020 WL 2759343 at *2-3; Employer: Independent Group Home, 2019 WL 645501 at *3; compare Employer: S Nassau Community Hosp., 2021 WL 2184671, *3, 2021 NY Wrk Comp LEXIS 3348, *5-7 [WCB No. 2080 1906, May 24, 2021]; Employer: Finger Lakes DDSO, 2021 WL 1036779, *4-5, 2021 NY Wrk Comp LEXIS 70705496 [WCB No. 7070 5496, Mar. 16, 2021]; see generally Merriam-Webster Online Dictionary, extreme [https://unabridged.
merriam-webster.com/unabridged/Extreme]).[FN3]
Turning to claimant's appeal from the Board's June 2019 decision denying his request for reclassification based upon an alleged change in condition, we agree with claimant that the Board's determination with respect to the timeliness of his submissions accompanying his request for reclassification was in error. "The Board's unilateral position that a permanently partially disabled claimant must seek reclassification prior to the exhaustion of his or her permanent partial disability award runs in direct contravention to the plain language of Workers' Compensation Law § 15 (6-a), which provides that, subject to limitations not relevant here, 'the [B]oard may, at any time, without regard to the date of accident, upon its own motion, or on application of any party in interest, reclassify a disability upon proof that there has been a change in condition'" (Matter of Sanchez v Jacobi Med. Ctr., 182 AD3d 121, 128 [2020], quoting Workers' Compensation Law § 15 [6-a]; see Workers' Compensation Law § 123; 12 NYCRR 300.14 [a] [2]; [b]). Thus, the Board improperly refused to consider the three C-27 forms that were submitted by claimant's physicians because they were filed shortly after the expiration of claimant's capped indemnity benefits. Accordingly, claimant must be provided with an opportunity to seek reclassification based upon each and every one of the C-27 forms that were submitted by his physicians, irrespective of whether they were filed after the expiration of his indemnity benefits, as well as any additional, current [*4]medical evidence and/or testimony in support of his request for reclassification (see Workers' Compensation Law §§ 15 [6-a]; 123; 12 NYCRR 300.14 [a] [2]; [b]; Matter of Sanchez v Jacobi Med. Ctr., 182 AD3d at 128). "If, after further development of the record, claimant is reclassified, there would at that time be no bar to him receiving, for example, retroactive permanent total disability benefits from the date when he was found to have been totally disabled" (Matter of Sanchez v Jacobi Med. Ctr., 182 AD3d at 128). In light of our reversal of the Board's June 4, 2019 decision, any issues relating to the Board's October 4, 2019 denial of claimant's application for reconsideration and/or full Board review of that June 4, 2019 decision are academic (see Matter of Grimaldi v Suffolk County Dept. of Health, 191 AD3d 1051, 1053 [2021]; Matter of Narine v Montefiore Med. Ctr., 182 AD3d 670, 672 [2020]). To the extent that any of claimant's remaining contentions are not rendered academic by our decision, they have been considered and found to be without merit.
Egan Jr., J.P., Clark, Aarons and Pritzker, JJ., concur.
ORDERED that the decisions filed May 17, 2019 and August 12, 2019 are affirmed, without costs.
ORDERED that the decision filed June 4, 2019 is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.
ORDERED that the appeal from the decision filed October 4, 2019 is dismissed, as academic, without costs.



Footnotes

Footnote 1: Such redeterminations may be made to capped permanent partial disability awards that result from work-related accidents occurring only on or after March 13, 2007 (see Matter of Francis v Jewelry Box Corp. of Am., 128 AD3d 1292, 1293 [2015], lv dismissed 26 NY3d 981 [2015]; L 2007, ch 6, §§ 4, 82 [a]; see also Matter of Green v Dutchess County BOCES, 183 AD3d at 30 n 4).

Footnote 2: The legislative history indicates that when evaluating a request for an extreme hardship redetermination, "factors in addition to [a] claimant's income and other available resources" may be taken into account (Governor's Program Bill, Bill Jacket, L 2007, ch 6 at 6; see Workers' Compensation Board Release Subject No. 046-938 [Apr. 26, 2017]).

Footnote 3: With regard to claimant's appeal from the Board's August 12, 2019 decision denying his request for reconsideration and/or full Board review of the May 17, 2019 Board panel decision, claimant fails to address the August 2019 decision in his brief or raise any arguments thereto, and we therefore deem this appeal abandoned (see Matter of Turner v Graphic Paper Inc., 151 AD3d 1127, 1128 n [2017]; Matter of Flores v Newstar Apparel, 69 AD3d 986, 987 [2010]).