Matter of Vicente (Finger Lakes DDSO) (2022 NY Slip Op 05567)

Matter of Vicente (Finger Lakes DDSO)

2022 NY Slip Op 05567

Decided on October 6, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 6, 2022

533946
[*1]In the Matter of the Claim of Elliot Vicente, Respondent,
Finger Lakes DDSO et al., Appellants. Workers' Compensation Board, Respondent.

Calendar Date:September 9, 2022

Before:Garry, P.J., Egan Jr., Lynch, Clark and Ceresia, JJ.

Hamberger & Weiss LLP, Buffalo (Ronald E. Weiss of counsel), for appellants.
Connors & Ferris, LLP, Rochester (Gregory Connors of counsel), for Elliot Vicente, respondent.
Letitia James, Attorney General, New York City (Nina M. Sas of counsel), for Workers' Compensation Board, respondent.

Garry, P.J.
Appeal from a decision of the Workers' Compensation Board, filed March 16, 2021, which ruled that claimant met the requirements for extreme hardship reclassification pursuant to Workers' Compensation Law § 35 (3).
In May 2007, claimant was involved in a work-related accident and subsequently established a workers' compensation claim for injuries to his right shoulder and low back. In 2009, pursuant to the parties' stipulation, claimant was classified with a permanent partial disability and 87.5% loss of wage-earning capacity, entitling him to 475 weeks of indemnity benefits. In August 2018, shortly before the expiration of those indemnity benefits, claimant timely filed an extreme hardship redetermination request (C-35 form) pursuant to Workers' Compensation Law § 35 (3). Following a hearing, a Workers' Compensation Law Judge granted claimant's application and reclassified claimant with a permanent total disability due to factors reflecting extreme hardship. Upon administrative appeal, the Workers' Compensation Board, in a decision filed March 16, 2021, affirmed that decision. The employer and its workers' compensation carrier (hereinafter collectively referred to as the carrier) appeal.
The carrier contends that substantial evidence does not support the Board's decision because there was insufficient evidence — particularly with regard to the expected Social Security disability benefits claimant will receive once his workers' compensation benefits are exhausted — for the Board to evaluate claimant's extreme hardship application. We disagree. Workers' Compensation Law § 35 (3) provides that, "[i]n cases where the loss of wage-earning capacity is greater than [75%], a claimant may request, within the year prior to the scheduled exhaustion of indemnity benefits under [Workers' Compensation Law § 15 (3) (w)], that the [B]oard reclassify the claimant to permanent total disability or total industrial disability due to factors reflecting extreme hardship." This provision provides "a possible safety net" for those claimants who, having sustained a permanent partial disability and having not returned to work, face "extreme financial hardship" following the scheduled exhaustion of their indemnity benefits (Matter of Phillips v Milbrook Distrib. Servs., 199 AD3d 1184, 1185-1186 [3d Dept 2021] [internal quotation marks and citations omitted]). In evaluating whether a claimant qualifies for the extreme hardship exception, the Board considers the claimant's assets, monthly expenses, household income — including any spousal or family support — and any other relevant factor (see Workers' Compensation Board Release Subject No. 046-938 [Apr. 26, 2017]; see also Matter of Phillips v Milbrook Distrib. Servs., 199 AD3d at 1186).
In determining that claimant had demonstrated extreme hardship entitling him to reclassification, the Board considered his monthly income, which included Social Security disability benefits and other imputed income derived from public assistance [*2]programs, and his detailed monthly expenses. Also considered was the income and various expenses of claimant's fiancÉe with whom he shares a rental-assistance apartment; however, claimant testified that the two do not comingle their finances. Claimant also submitted a January 9, 2018 letter from the Social Security Administration advising that, after a deduction for his medical insurance premiums, his remaining monthly disability benefit was only $24. Claimant testified, however, that he did not receive that money because it was offset by the workers' compensation indemnity benefits that he was receiving. Although the Board generally advises that, in connection with an extreme hardship application, a claimant "should indicate the full amount of [Social Security Disability benefits] that will be payable after the workers' compensation benefits cease" (Workers' Compensation Board Release Subject No. 046-938 [Apr. 26, 2017]; see generally Employer: Legacy Health Care, 2021 WL 83681, *3, 2021 NY Wrk Comp LEXIS 8, *8 [WCB No. G003 1412, Jan. 4, 2021]; Employer: Orchard Park Veterinary MC LLP, 2020 WL 1318610, *2, 2020 NY Wrk Comp LEXIS 11504, *2 [WCB No. 8080 5482, Mar. 16, 2020]), claimant did not submit such information. The circumstances here, however, reflect that the nominal amount to which claimant was entitled prior to the indemnity benefits offset would not have any appreciable impact on the difficult financial circumstances claimant will experience when his workers' compensation indemnity benefits end. To the extent that the carrier contends that the Board did not consider certain discretionary expenses — specifically claimant's cable/internet/telephone expenses — which the carrier suggests could be mitigated or discontinued, such contention is belied by the Board's decision, which specifically sets forth all of claimant's expenses in detail and concludes that such monthly obligations were modest, a characterization we consider apt.
The Board, noting that the fact that claimant's monthly expenses exceed his monthly income does not mandate a finding of extreme hardship (see Employer: Katzman Produce Fruit Div., 2022 WL 2309730, *2, 2022 NY Wrk Comp LEXIS G0326020 [WCB No. G032 6020, June 22, 2022]), also considered other relevant factors, such as claimant's education and employment perspectives. Claimant has a high school diploma, and had an employment history prior to his injuries of working at a warehouse, doing mechanical and body/fender repair, driving a tractor trailer, operating heavy equipment and providing direct patient care. Claimant testified that his attempts at procuring employment within his current medical restrictions were unsuccessful and that, given his degree of disability, he was told he was not a candidate for vocational training. In view of the foregoing, we find that substantial evidence supports the Board's finding that, given the notable shortfall of claimant's financial ability to meet his monthly obligations once his [*3]workers' compensation indemnity benefits are discontinued, and considering his inability to obtain new employment in order to produce additional income, claimant demonstrated extreme hardship warranting a reclassification pursuant to Workers' Compensation Law § 35 (3).
Egan Jr., Lynch, Clark and Ceresia, JJ., concur.
ORDERED that the decision is affirmed, with costs to claimant.