Matter of Mystkowski v Monpat Constr. Inc. (2025 NY Slip Op 01843)

Matter of Mystkowski v Monpat Constr. Inc.

2025 NY Slip Op 01843

Decided on March 27, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 27, 2025

CV-23-0872
[*1]In the Matter of the Claim of Bogdan Mystkowski, Appellant,
v
Monpat Construction Inc. et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date:February 10, 2025

Before:Aarons, J.P., Pritzker, Reynolds Fitzgerald, Ceresia and Powers, JJ.

John F. Clennan, Ronkonkoma, for appellant.
David F. Wertheim, State Insurance Fund, Albany (Scott B. Anglehart of counsel), for Monpat Construction Inc. and another, respondents.

Powers, J.
Appeal from a decision of the Workers' Compensation Board, filed April 28, 2024, which denied claimant's request for an extreme hardship redetermination pursuant to Workers' Compensation Law § 35 (3).
In 2011, claimant, a roofer, injured his back at work and established a claim for workers' compensation benefits. The parties subsequently stipulated to a finding of permanent partial disability and an 81% loss of wage-earning capacity, with an award of indemnity benefits for a maximum of 450 weeks. In 2021, prior to the exhaustion of claimant's capped indemnity benefits, claimant filed an extreme hardship redetermination request (C-35 form) pursuant to Workers' Compensation Law § 35 (3), seeking to be reclassified to a permanent total disability or total industrial disability due to factors reflecting extreme hardship. Following a hearing, a Workers' Compensation Law Judge denied claimant's request, finding that the financial information provided by claimant did not demonstrate any unusual or unexpected expenses that would meet the threshold of extreme hardship. On administrative appeal, the Workers' Compensation Board affirmed. This appeal ensued.
In evaluating whether a claimant has demonstrated that a reclassification is warranted based upon extreme hardship, the Board considers the claimant's assets, monthly household income and expenses and other relevant factors (see Matter of Brown v Plans Plus Ltd., 231 AD3d 1250, 1251-1252 [3d Dept 2024]; Matter of Davis v Hutchings Children Servs., 213 AD3d 1111, 1113 [3d Dept 2023], lv denied 40 NY3d 902 [2023]). "[A] claimant seeking reclassification based upon extreme hardship must demonstrate financial hardship beyond the ordinary and existing in a very high degree" (Matter of Brown v Plans Plus Ltd., 231 AD3d at 1251 [internal quotation marks, brackets and citation omitted]). "[T]he Board's determination as to whether [a claimant] demonstrated the requisite extreme hardship warranting a reclassification to permanent total disability will not be disturbed if supported by substantial evidence" (id. [internal quotation marks and citation omitted]).
Claimant provided evidence establishing that his monthly expenses of rent, car insurance, cellphone, clothing and food/grocery expenses exceed his monthly income received from the indemnity benefits and social security disability. However, demonstrating that monthly expenses exceed monthly income does not mandate a finding of extreme hardship (see Matter of Vicente v Finger Lakes DDSO, 209 AD3d 1073, 1075 [3d Dept 2022]). The hearing testimony reflects that claimant lives alone in a two-bedroom apartment and, although he does not drive, he owns and pays insurance on a 2018 luxury vehicle and pays a friend to drive him on errands. Of specific concern for the Board was claimant's significant food and grocery expenses of $700 to $800 per month — which claimant explained on administrative appeal is reasonable as he is required to purchase premade food given that [*2]he "is from an unfortunate time where he was taught that women cook and clean" and cannot, therefore, be expected to learn to cook at his advanced age of almost 60 years old. Notably, when asked, claimant acknowledged that he has made no effort to inquire about any public assistance programs to assist in reducing some of his monthly expenses.[FN1] Based upon the information provided by claimant, substantial evidence supports the Board's determination that claimant failed to demonstrate any unusual or unexpected expenses for someone on a fixed income that would meet the threshold of extreme hardship. As such, we will not disturb the Board's determination (see Matter of Brown v Plans Plus Ltd., 231 AD3d at 1252; Matter of Davis v Hutchings Children Servs., 213 AD3d at 1114; Matter of Phillips v Milbrook Distrib. Servs., 199 AD3d 1184, 1187 [3d Dept 2021]).
Aarons, J.P., Pritzker, Reynolds Fitzgerald and Ceresia, JJ., concur.
ORDERED that the decision is affirmed, without costs.

Footnotes

Footnote 1: Claimant contends that it was error to consider public assistance as a factor in evaluating extreme hardship, claiming that it undermines the purpose of the Workers' Compensation Law. Although the decision of the Workers' Compensation Law Judge reflected claimant's lack of public assistance, claimant raised no issue with regard thereto on administrative appeal, raising such contention for the first time on this appeal. As such, the issue is not properly before this Court (see Matter of Murrah v Jain Irrigation, Inc., 157 AD3d 1088, 1089 [3d Dept 2018]).