Matter of Ackerler v Asplundh (2025 NY Slip Op 01848)

Matter of Ackerler v Asplundh

2025 NY Slip Op 01848

Decided on March 27, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 27, 2025

CV-23-2356
[*1]In the Matter of the Claim of John Ackerler, Appellant,
v
Asplundh et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date:February 11, 2025

Before:Garry, P.J., Aarons, Reynolds Fitzgerald, McShan and Mackey, JJ.

Schwartzapfel Lawyers PC, Garden City (Sachin Gadh of counsel), for appellant.
David F. Wertheim, State Insurance Fund, Albany (Gabriel Colon of counsel), for Asplundh and another, respondents.

Garry, P.J.
Appeal from a decision of the Workers' Compensation Board, filed November 14, 2023, which denied claimant's request for an extreme hardship redetermination pursuant to Workers' Compensation Law § 35 (3).
In 2012, claimant suffered a work-related injury to his back and his claim for workers' compensation benefits was established. In 2014, the claim was amended to include depressive disorder and claimant was classified with a permanent partial disability and an 82% loss of wage-earning capacity, entitling him to 450 weeks of indemnity benefits. In December 2022, prior to the exhaustion of his indemnity benefits, claimant filed a request for an extreme hardship redetermination (C-35 form) pursuant to Workers' Compensation Law § 35 (3). Following a hearing, a Workers' Compensation Law Judge found that claimant had failed to demonstrate extreme hardship and denied claimant's request. Upon administrative appeal, the Workers' Compensation Board affirmed, and claimant appeals.[FN1]
We affirm. Pursuant to Workers' Compensation Law § 35 (3), "[i]n cases where the loss of wage-earning capacity is greater than [75%], a claimant may request, within the year prior to the scheduled exhaustion of indemnity benefits under [Workers' Compensation Law § 15 (3) (w)], that the [B]oard reclassify the claimant to permanent total disability or total industrial disability due to factors reflecting extreme hardship." This Court has consistently held that, in order to establish extreme hardship warranting reclassification, "a claimant must demonstrate financial hardship beyond the ordinary and existing in a very high degree" (Matter of Davis v Hutchings Children Servs., 213 AD3d 1111, 1112 [3d Dept 2023] [internal quotation marks omitted], lv denied 40 NY3d 902 [2023]; see Matter of Brown v Plans Plus Ltd., 231 AD3d 1250, 1251 [3d Dept 2024]; Matter of Vicente v Finger Lakes DDSO, 209 AD3d 1073, 1073-1074 [3d Dept 2022]). In determining whether a claimant has made such a showing, "the Board considers the claimant's assets, monthly expenses, household income — including any spousal or family support — and any other relevant factor" (Matter of Vicente v Finger Lakes DDSO, 209 AD3d at 1074; see Matter of Phillips v Milbrook Distrib. Servs., 199 AD3d 1184, 1186 [3d Dept 2021]; Workers' Compensation Board Release Subject No. 046-938 [Apr. 26, 2017]).[FN2]
According to his application, claimant's monthly income prior to the exhaustion of his indemnity benefits — comprised of the subject indemnity benefits, as well as Social Security disability benefits and a pension — was approximately $1,300 less than his monthly expenses. Claimant testified that his household consisted of himself, his wife, his two sons (ages 20 and 25) and his sister. Although he further testified that his wife, his 25-year-old son and his sister all have income, he did not testify as to the amount of their income or why they were not contributing to help pay the household expenses. The monthly expenses listed by claimant [*2]include automobile loan and insurance payments for three vehicles, one of which is driven by his wife and another driven by one of his sons. Claimant also pays the cell phone bills for his adult children. The monthly expenses also include the cost of the use of a lawn sprinkler system and payments on a home equity loan claimant took out in 2019 in order to renovate his kitchen. Claimant also testified that, even prior to the cessation of his indemnity benefit payments, he has been using his credit card to make up the deficit between his monthly income and monthly expenses, but he did not provide any credit card statements with his application or at the hearing.
In denying claimant's request for reclassification, the Board considered his assets, monthly household income and monthly expenses. The Board identified certain of claimant's listed monthly expenses that were unnecessary or were solely for the benefit of other household members that were earning their own income, as well as expenses that are not recurring. When considering claimant's household income, the Board concluded that the reported income was not credible due to claimant's failure to provide the specific amount of income earned by the other members of the household. In light of the foregoing and our review of the record, we find that "the Board's determination that claimant has not demonstrated financial hardship beyond the ordinary and existing in a very high degree so as to meet the threshold of extreme hardship is supported by substantial evidence and will not be disturbed" (Matter of Davis v Hutchings Children Servs., 213 AD3d at 1114; see Matter of Brown v Plans Plus Ltd., 231 AD3d at 1252; Matter of Phillips v Milbrook Distrib. Servs., 199 AD3d at 1186-1187).
Aarons, Reynolds Fitzgerald, McShan and Mackey, JJ., concur.
ORDERED that the decision is affirmed, without costs.

Footnotes

Footnote 1: Claimant apparently did not appeal from the denial of his subsequent application for reconsideration and/or full Board review.

Footnote 2: Contrary to claimant's contention, the Board is not limited to only considering nonwage household income of the members of his household. Although the C-35 application form is inartfully drafted in that it does not specifically reference wage-related income, the form's accompanying instructions and the provisions in Workers' Compensation Board Release Subject No. 046-938 support the inclusion of any income garnered by members of a claimant's household in the Board's evaluation of whether that claimant has demonstrated extreme hardship warranting a reclassification.