Matter of Epstein v Waldbaums (2025 NY Slip Op 02633)

Matter of Epstein v Waldbaums

2025 NY Slip Op 02633

Decided on May 1, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:May 1, 2025

CV-23-2205
[*1]In the Matter of the Claim of Linda Epstein, Respondent,
v
Waldbaums et al., Appellants. Workers' Compensation Board, Respondent.

Calendar Date:March 26, 2025

Before:Clark, J.P., Aarons, Pritzker, Ceresia and Fisher, JJ.

Stewart, Greenblatt, Manning & Baez, Syosset (Luke R. Tarantino of counsel), for appellants.
Grey & Grey, LLP, Farmingdale (Andra G. Fraiberg-Vetro of counsel), for Linda Epstein, respondent.
Letitia James, Attorney General, New York City (Nina M. Sas of counsel), for Workers' Compensation Board, respondent.

Pritzker, J.
Appeal from a decision of the Workers' Compensation Board, filed October 4, 2023, which, among other things, granted claimant's request for an extreme hardship redetermination pursuant to Workers' Compensation Law § 35 (3).
Claimant, who worked as a meat wrapper for the employer for 44 years, has an established claim for injuries stemming from a work-related incident in 2011. In 2014, claimant was classified with a permanent partial disability pursuant to Workers' Compensation Law § 15 (3) (w) and found to have sustained an 81% loss of wage-earning capacity, resulting in an award of benefits not to exceed 450 weeks. Prior to the exhaustion of her indemnity benefits, claimant submitted an extreme hardship redetermination request (see Workers' Compensation Law § 35 [3]), which detailed her monthly sources of income and recurring expenses. At the conclusion of the hearing that followed, a Workers' Compensation Law Judge denied claimant's request, finding that she failed to demonstrate that her impending loss of workers' compensation benefits would constitute an "undue extreme hardship." Upon claimant's administrative appeal, the Workers' Compensation Board reversed and granted claimant's request for extreme hardship classification. This appeal by the employer and its workers' compensation carrier ensued.
We affirm. Workers' Compensation Law § 35 (3) provides that, "[i]n cases where the loss of wage-earning capacity is greater than [75%], a claimant may request, within the year prior to the scheduled exhaustion of indemnity benefits under [Workers' Compensation Law § 15 (3) (w)], that the [B]oard reclassify the claimant to permanent total disability or total industrial disability due to factors reflecting extreme hardship" (see Matter of Vicente v Finger Lakes DDSO, 209 AD3d 1073, 1073 [3d Dept 2022]). Although "extreme hardship" is not defined in the statute, this provision, according to the legislative history, "was intended to provide an exemption for claimants under extreme financial hardship" (Matter of Minichiello v New York City Dept. of Homeless Servs., 188 AD3d 1401, 1403 n [3d Dept 2020] [internal quotation marks and citation omitted]), i.e., "financial hardship beyond the ordinary and existing in a very high degree" (Matter of Brown v Plans Plus Ltd., 231 AD3d 1250, 1251 [3d Dept 2024] [internal quotation marks and citations omitted], lv denied ___ NY3d ___ [Apr. 17, 2025]). To ascertain "whether a claimant has demonstrated extreme hardship so as to qualify for reclassification, the Board considers the claimant's assets, monthly expenses, household income and any other relevant factors" (Matter of Davis v Hutchings Children Servs., 213 AD3d 1111, 1113 [3d Dept 2023], lv denied 40 NY3d 902 [2023]; see Matter of Brown v Plans Plus Ltd., 231 AD3d at 1251; Workers' Compensation Board Release Subject No. 046-938 [Apr. 26, 2017]), including the claimant's age (see Matter of Davis v Hutchings Children Servs., 213 AD3d at 1113), education, employment [*2]prospects and medical restrictions (see Matter of Vicente v Finger Lakes DDSO, 209 AD3d at 1075). The Board's resulting determination, if supported by substantial evidence, will not be disturbed (see Matter of Brown v Plans Plus Ltd., 231 AD3d at 1251; Matter of Davis v Hutchings Children Servs., 213 AD3d at 1113).
As reflected in both her C-35 form for reclassification and her subsequent testimony, claimant's monthly income consisted of her workers' compensation benefits, Social Security disability benefits and modest pension benefits, including a small sum payable under her deceased husband's pension. Claimant testified that she received no other financial support, nor did she have an investment or savings account. Claimant's recurring monthly expenses included rent, health insurance, medications, car payment, car insurance, cell phone, hearing aids, food, gas and credit card debt. After reviewing the financial information before it, the Board determined that, absent workers' compensation benefits and after paying her rent, claimant would be left with less than $200 a month to cover her basic needs.
To be sure, claimant's monthly expenses cannot be characterized as "unusual or unexpected expenses for someone on a fixed income" (Matter of Phillips v Milbrook Distrib. Servs., 199 AD3d 1184, 1187 [3d Dept 2021]) and, as the Board correctly observed, the mere existence of a monthly shortfall — standing alone — is insufficient to constitute extreme financial hardship (see Matter of Brown v Plans Plus Ltd., 231 AD3d at 1251). The Board also noted, however, that other factors weighed heavily in claimant's favor, including her age at the time of the hearing (75 years old), her limited educational background and her overall state of health, which, claimant testified, included a cancer diagnosis within the prior two years and a history of two COVID-19-related hospitalizations. After considering those factors, as well as claimant's history of working in a manual labor position for 44 years, the Board concluded that it was "highly unlikely" that claimant would be able to obtain gainful employment. Upon reviewing the record as a whole and giving due consideration to all of the relevant factors, substantial evidence supports the Board's findings that, without her workers' compensation indemnity benefits, claimant's "financial circumstances would be dire" and, therefore, her demonstrated extreme financial hardship warranted reclassification pursuant to Workers' Compensation Law § 35 (3) (see Matter of Vicente v Finger Lakes DDSO, 209 AD3d at 1075; Employer: Pyramid Air Conditioning Inc., 2022 WL 16901584, *5, 2022 NY Wrk Comp LEXIS 5947, *12-13 [WCB No. G014 9965, Nov. 2, 2022]; compare Matter of Phillips v Milbrook Distrib. Servs., 199 AD3d at 1186-1187; Employer: Boundary Fence & Railing, 2022 WL 2388968, *3, 2022 NY Wrk Comp LEXIS 3243, *6 [WCB No. G001 9148, June 27, 2022]).
Clark, J.P., Aarons, Ceresia and Fisher, JJ., concur.
ORDERED that the decision [*3]is affirmed, with costs to claimant.