Matter of Martin v D'Agostino Supermarkets Inc. (2025 NY Slip Op 04059)

Matter of Martin v D'Agostino Supermarkets Inc.

2025 NY Slip Op 04059

Decided on July 3, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 3, 2025

CV-23-2140
[*1]In the Matter of the Claim of Zenia Martin, Appellant,
v
D'Agostino Supermarkets Inc. et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date:June 2, 2025

Before:Garry, P.J., Egan Jr., Fisher, Powers and Mackey, JJ.

John F. Clennan, Ronkonkoma, for appellant.
David F. Wertheim, State Insurance Fund, Albany (Scott B. Anglehart of counsel), for D'Agostino Supermarkets Inc. and another, respondents.

Mackey, J.
Appeal from a decision of the Workers' Compensation Board, filed October 10, 2023, which denied claimant's request for an extreme hardship redetermination pursuant to Workers' Compensation Law § 35 (3).
In 2010, claimant sustained injuries at work, and her subsequent claim for workers' compensation benefits was established for an injury to the right knee and consequential back aggravation. In 2014, claimant was classified with a permanent partial disability and found to have sustained an 80% loss of wage-earning capacity entitling her to an award of indemnity benefits for a maximum of 425 weeks. In October 2021, prior to the exhaustion of her capped indemnity benefits, claimant filed an extreme hardship redetermination request (C-35 form) seeking to be reclassified, pursuant to Workers' Compensation Law § 35 (3), "to [a] permanent total disability or total industrial disability due to factors reflecting extreme hardship." Following a hearing, a Workers' Compensation Law Judge (hereinafter WCLJ) granted claimant's application and reclassified her with a permanent total disability due to claimant's demonstration of extreme financial hardship. Upon administrative appeal, the Workers' Compensation Board modified the WCLJ's decision, finding that claimant had failed to demonstrate extreme financial hardship and was not entitled to reclassification. Claimant appeals.
Workers' Compensation Law § 35 (3) provides that, "[i]n cases where the loss of wage-earning capacity is greater than [75%], a claimant may request, within the year prior to the scheduled exhaustion of indemnity benefits under [Workers' Compensation Law § 15 (3) (w)], that the [B]oard reclassify the claimant to permanent total disability or total industrial disability due to factors reflecting extreme hardship" (accord Matter of Ackerler v Asplundh, 236 AD3d 1271, 1272 [3d Dept 2025]). "[A] claimant seeking reclassification based upon extreme hardship must demonstrate financial hardship beyond the ordinary and existing in a very high degree" (Matter of Brown v Plans Plus Ltd., 231 AD3d 1250, 1251 [3d Dept 2024] [internal quotation marks, brackets and citation omitted], lv denied 43 NY3d 903 [2025]; accord Matter of Ackerler v Asplundh, 236 AD3d at 1272). "In determining whether a claimant has made such a showing, 'the Board considers the claimant's assets, monthly expenses, household income — including any spousal or family support — and any other relevant factor' " (Matter of Ackerler v Asplundh, 236 AD3d at 1272, quoting Matter of Vincente v Finger Lakes DDSO, 209 AD3d 1073, 1074 [3d Dept 2022]; see Matter of Mystkowski v Monpat Constr. Inc., 236 AD3d 1254, 1254-1255 [3d Dept 2025]; Matter of Phillips v Milbrook Distrib. Servs., 199 AD3d 1184, 1186 [3d Dept 2021]; see also Workers' Compensation Bd. Release Subject No. 046-938 [Apr. 26, 2017]). "The Board's determination as to whether a claimant demonstrated the requisite extreme hardship warranting a reclassification to permanent total [*2]disability will not be disturbed if supported by substantial evidence" (Matter of Mystkowski v Monpat Constr. Inc., 236 AD3d at 1255 [internal quotation marks, brackets and citations omitted]).
Claimant's C-35 form, the accompanying submissions and her hearing testimony demonstrate that her essential monthly expenses — consisting of rent, utilities and basic amenities [FN1] — would exceed her monthly income of $1,280, received from Social Security disability, by more than $300 if her workers' compensation benefits are ended. This deficit results in claimant's inability to cover even basic grocery expenses upon the expiration of her workers' compensation benefits. Significantly, the Board made no finding that claimant's income would be sufficient to meet her essential living expenses, nor is there substantial evidence in the record to support any such conclusion. To be sure, claimant had been receiving an adoption subsidy at the time of the hearing, increasing her monthly income at that time, however it was uncontroverted that the subsidy terminated the following year in 2024 when her son reached 21 years of age. Moreover, although the Board also took issue with certain of claimant's past discretionary spending, such as her occasional ordering of take-out food and other similar purchases that might be considered unnecessary expenditures, such were relatively minimal, and, pursuant to statute, the adoption subsidy that she then received was designated to meet the son's needs (see generally Social Services Law § 453 [1] [a]).[FN2] More to the point, the Board did no analysis, and gave no explanation, as to how the future reduction of claimant's income to an amount significantly below the most basic of living expenses did not result in an extreme financial hardship. Claimant now lives alone in a modest apartment and uses a high-mileage, nearly 20-year-old vehicle, for which she pays a nominal monthly parking fee. Upon this record, substantial evidence does not support the Board's determination that claimant failed to demonstrate extreme financial hardship warranting a reclassification pursuant to Workers' Compensation Law § 35 (3) and, thus, we reverse (compare Matter of Mystkowski v Monpat Constr. Inc., 236 AD3d at 1255; Matter of Brown v Plans Plus Ltd., 231 AD3d at 1252; Matter of Davis v Hutchings Children Servs., 213 AD3d 1111, 1113-1114 [3d Dept 2023], lv denied 40 NY3d 902 [2023]).
Garry, P.J., Egan Jr., Fisher and Powers, JJ., concur.
ORDERED that the decision is reversed, with costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.

Footnotes

Footnote 1: We note that although claimant makes monthly payments toward credit card debt, the record reflects claimant's successful efforts to significantly reduce her personal debt.
Footnote 2: To the extent that the Board's determination can be interpreted as implying that claimant should have better prepared for her expected reduced income, we note that the adoption subsidy was limited "for the care and maintenance of . . . [the] child" and, thus, could not have been used to reduce her own expenses or to save for her future needs (Social Services Law § 453 [1] [a]).