Matter of Pandolfi v Plainedge Union Free Sch. Dist. (2025 NY Slip Op 06372)

Matter of Pandolfi v Plainedge Union Free Sch. Dist.

2025 NY Slip Op 06372

Decided on November 20, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 20, 2025

CV-24-1068
[*1]In the Matter of the Claim of Lynn Pandolfi, Respondent,
v
Plainedge Union Free School District et al., Respondents. Workers' Compensation Board, Respondent. Grey & Grey, LLP, Appellant.

Calendar Date:October 17, 2025

Before:Clark, J.P., Pritzker, Lynch, Powers and Mackey, JJ.

Grey & Grey, LLP, Farmingdale (Robert E. Grey of counsel), for appellant.
Lynn Pandolfi, Lake Ronkonkoma, respondent pro se.
Letitia James, Attorney General, New York City (Nina M. Sas of counsel), for Workers' Compensation Board, respondent.

Powers, J.
Appeal from a decision of the Workers' Compensation Board, filed May 24, 2024, which denied counsel's application for an award of counsel fees.
In October 2017, claimant sustained injuries in the course of her employment and applied for workers' compensation benefits. In April 2018, claimant retained counsel to represent her in the claim, and the claim was established in May 2018.[FN1] Soon after, claimant began expressing dissatisfaction with counsel's representation and disagreement with counsel's legal strategy in several letters to the Workers' Compensation Board spanning from May 2018 to May 2022. In May 2022, counsel notified claimant that their relationship had become irreparable and that it was requesting to be relieved of the representation by the Board. On May 16, 2022, a Workers' Compensation Law Judge (hereinafter WCLJ) held counsel's request to be relieved in abeyance, pending claimant's attempts to obtain new counsel. Claimant appealed that decision to the Board, arguing that counsel should not be relieved, and counsel opposed. In a decision filed October 3, 2022, the Board relieved counsel of its obligation to represent claimant, concluding that counsel "ha[d] represented the claimant in a manner which demonstrated that the claimant was not prejudiced by [counsel's] actions and that there truly ha[d] been a breakdown in communications." On October 7, 2022, counsel filed a fee application listing services rendered.
The claim proceeded without claimant obtaining new representation and the WCLJ ultimately determined that claimant's awards after January 8, 2019 be continued at a temporary partial disability rate. The WCLJ also denied counsel's application for counsel fees, indicating that, as a policy, the Board "generally frowns on fees to attorneys when the claimant is unrepresented thereafter." Counsel appealed and the Board modified the WCLJ's decision, finding that counsel was not statutorily entitled to counsel fees pursuant to Workers' Compensation Law § 24 (3). Counsel appeals.
"Given that the issue before this Court is one of statutory interpretation, deference need not be accorded to the Board's interpretation, and we are free to ascertain the proper interpretation from the statutory language and legislative intent" (Matter of Minichiello v New York City Dept. of Homeless Servs., 188 AD3d 1401, 1402 [3d Dept 2020] [internal quotation marks and citations omitted]). "As the clearest indicator of legislative intent is the statutory text, the starting point in any case of interpretation must always be the language itself, giving effect to the plain meaning thereof" (Matter of Mancini v Office of Children & Family Servs., 32 NY3d 521, 525 [2018] [internal quotation marks and citation omitted]; accord Matter of Minichiello v New York City Dept. of Homeless Servs., 188 AD3d at 1402).
Contrary to the Board's interpretation, we find no intent by the Legislature in enacting Workers' Compensation Law § 24 (3) to preclude an award of counsel [*2]fees to a prior attorney who has been relieved of representation without subsequent counsel being retained. Workers' Compensation Law § 24 (as amended by L 2021, ch 824, § 1) governs the amount and manner in which attorneys are compensated for their representation of claimants and provides, as relevant here, that "[i]f a prior attorney has been substituted in a manner prescribed by the [B]oard, and has submitted a fee request, the [B]oard shall determine the amount of fees allocated to any prior attorney out of the total fees awarded" (Workers' Compensation Law § 24 [3]). Based upon our reading of Workers' Compensation Law § 24 (3), the intent of the Legislature in this subsection was to address the impact on a claimant when an attorney representing him or her is substituted for another and both attorneys are requesting fees for their respective representation. The statute protects claimants in that, "[i]f there has been an approved substitution of attorney during the representation of the claimant[,] a request from the substituted attorney for a fee, if granted, will not increase the fee but will be paid out of the total fees awarded" (Martin Minkowitz, 2025 Supp Prac Commentaries, McKinney's Cons Laws of NY, Workers' Compensation Law § 24). The statute does not address situations where, as here, a prior attorney has been relieved of representation and there has been no substitution. In such situations, Workers' Compensation Law § 24 (3) is not necessary, as claimant would not be exposed to increased fees as any fees awarded to the prior attorney would presumably constitute the total fees awarded. Rather, the Board should determine any fee awards for a prior attorney who is not substituted for "in an amount commensurate with the services rendered and the amount of compensation awarded, having due regard for the financial state of the claimant" (Workers' Compensation Law § 24 [2]). As we find no language in Workers' Compensation Law § 24 that would evidence an intent by the Legislature to foreclose an unsubstituted for prior attorney from being granted counsel fees, the Board's decision is reversed, and the matter is remitted to the Board to consider counsel's fee application.
Clark, J.P., Pritzker, Lynch and Mackey, JJ., concur.
ORDERED that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.

Footnotes

Footnote 1: Awards to claimant were held in abeyance in January 2019.